María Negrón Widow of Rodríguez, Appellant, *v.* Industrial Commission of Puerto Rico, etc., and Guillermo Atiles Moreu, Manager of the State Insurance Fund, Respondents.

No. 480. Argued March 8, 1954.—Decided April 9, 1954.

*Luis A. Negrón López* for appellant. *Donald R. Dexter, Aida Casañas O'Connor* and *Gustavo Wiscovitch* for the Manager. of the State Insurance Fund.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

Juan Ramón Rodríguez Vega, appellant's husband, died on July 21, 1951 in an automobile accident, in the course and as a consequence of his work as a laborer of an employer. He was survived by his widow, appellant herein, and ten children born of two marriages, all of whom were over 21 years of age. On November 23, 1951 the widow and the ten children of Rodríguez Vega filed in the former District Court of Puerto Rico, Mayagüez Section, an action for damages against the owner and the driver of the vehicle which caused the death of workman Rodríguez Vega. The action ended in a compromise between the parties made on June 16, 1952, whereby appellant received the sum of $800 and the ten children other sums of money.

On April 22, 1953 the Manager of the State Insurance Fund entered a decision in the case submitted to his consideration in connection with the accident in question, which he classified as a labor accident, awarding to appellant and to two grandchildren dependent upon the deceased laborer, by way of compensation, the sum of $2,258, of which $1,806.40 was awarded to the widow and $451.60 to the grandchildren.

The children were not considered as beneficiaries, inasmuch as they did not depend on the workman at the time of his death. In his decision, the Manager deducted $800 from the sum awarded to appellant, which she had received as a result of the action brought in the Mayagüez Court, alleging that such sum was deducted "in harmony with the provisions of § 31 of the Workmen's Accident Compensation Act."

Appellant appealed from the Manager's decision to the Industrial Commission, which affirmed the manager's decision and thereafter denied a motion for reconsideration filed by appellant, who has brought a petition for review before this Court.

 This case is governed by the provisions of Act No. 16, approved April 12, 1948 (Sess. Laws, p. 28), which amended § 31 of the Workmen's Accident Compensation Act as follows:

"Section 31.—In cases where the injury, the occupational disease, or the death entitling the workman or employee or their beneficiaries to compensation in accordance with this Act has been caused under circumstances making third persons responsible for such injury, disease, or death, the injured workman or employee or his beneficiaries may claim and recover damages from the third person responsible for said injury, disease, or death, within one year following the date of the final decision of the case by the Manager of the State Insurance Fund, who may subrogate himself in the rights of the workman or employee or his beneficiaries to institute the same action in the manner following:

"When an injured workman or employee, or his beneficiaries in case of death, may be entitled to institute an action for damages against a third person in cases where the State Insurance Fund, in accordance with the terms of this Act, is obliged to compensate in any manner or to furnish treatment, the Manager of the State Insurance Fund shall subrogate himself in the rights of the workman or employee or of his beneficiaries, and may institute proceedings against such third person in the name of the injured workman or employee or of his beneficiaries, within the ninety days following the date of the final decision of the case, and any sum which as a result of the action, or

by virtue of a judicial compromise, may be obtained in excess of the expenses incurred in the case shall be delivered to the injured workman or employee or to his beneficiaries entitled thereto. The workman or employee or his beneficiaries shall be parties in every proceeding instituted by the Manager under the provisions of this section, and it shall be the duty of the Manager to serve written notice on them of such proceedings within five days after the action is instituted.

"If the Manager should fail to institute action against the third person responsible within the term of ninety days from the date of the final decision of the case, the workman or employee or his beneficiaries shall be fully at liberty to institute such action in their behalf, without being obliged to reimburse the State Insurance Fund for the expenses incurred in the case.

*"The injured workman or employee or his beneficiaries may not institute any action, nor may compromise any right of action they may have against the third person responsible for the damages, until after the expiration of ninety days from the decision of the case by the Manager of the State Insurance Fund.*

"No compromise between the injured workman or employee, or his beneficiaries in case of death, and the third person responsible, made before the expiration of the term of ninety days after the decision or after the expiration of said term, if the Manager has filed his complaint, shall be valid or effective in law unless the expenses incurred by the State Insurance Fund in the case are first paid. No judgment shall be entered in suits of this nature, and no compromise whatsoever as to the rights of the parties to said suits shall be approved, without making express reserve of the rights of the State Insurance Fund to reimbursement of all expenses incurred; *Provided,* That the secretary of the court taking cognizance of any claim of the nature above described shall notify the Manager of the State Insurance Fund any order entered by the court which affects the rights of the parties to the case, as well as the final disposition thereof.

"The Manager of the State Insurance Fund may, with the approval of the Attorney General of Puerto Rico, compromise as to his rights against a third person responsible for the damages; *It being understood, however,* That no extrajudicial compromise shall affect the rights of the workman or employee, or of his beneficiaries, without their express consent and approval.

"Any sum obtained by the Manager of the State Insurance Fund through the means provided in this section shall be covered into the State Insurance Fund for the benefit of the particular group into which was classified the occupation or the industry in which the injured or dead workman or employee was employed." (Italics ours.)

According to the provisions of the transcribed Section, as amended by Act No. 16 of April 12, 1948, appellant herein could not bring an action against a third person responsible for the damages until after the expiration of ninety days counted from the decision of the case by the Manager of the State Insurance Fund and before the expiration of the year following such decision. The complaint filed in the Mayagüez Court was premature and ineffective at law as respects appellant herein. According to § 31, the compromise made June 16, 1952 was null and void as respects appellant, and the payment to the latter of the sum of $800 was illegal. Notwithstanding the invalidity of such compromise and the illegality of the payment, the Manager was not authorized under § 31 to act the way he did in the instant case, that is, he was without power to deduct the sum paid to appellant by way of compensation under the compromise. According to § 31, the Manager shall be subrogated in the rights of the beneficiaries, but that subrogation is exercised by following the procedure outlined in § 31, that is, by exercising the power vested in the Manager to bring an action against the third person causing the damages, in the name of the beneficiaries of the deceased laborer—in the case at bar, within ninety days following the final decision of the Manager. The Manager could not exercise the right of subrogation by awarding compensation and then deducting a certain sum from the compensation awarded.

■■ Section 31, as amended by Act No. 16 of April 12, 1948, provides that in cases of compensable labor accidents caused under circumstances making third persons responsible, the workman or employee, or the presumptive beneficiaries

under the Workmen's Accident Compensation Act, may not, in the event of death, institute action against the third person, or compromise their rights of action until after the Manager of the State Insurance Fund has entered final decision and until after the expiration of ninety days counted from the Manager's decision, and within the year following the date the final decision is rendered by the Manager. The latter, subrogating himself in the rights of the workman or employee, or of the beneficiaries, may bring action against a third person, in the name of the workman or employee, or his beneficiaries, within ninety days counted from the date of the final decision in the case. If the Manager files such action within the stated period, and as a result of that action or some judicial action a sum is obtained in excess of the sums already allowed by the Manager by way of compensation, or in excess of the expenses incurred, the Manager shall deliver such excess to the workman or employee, or his legal beneficiaries. The workman or employee, or his beneficiaries, shall be parties in the proceeding instituted by the Manager, and it shall be the duty of the Manager to serve written notice on such workman or employee, or his beneficiaries, within the period of five days after the action is instituted. If the Manager shall fail to institute action against the third person responsible within the said ninety-day period, the workman or employee, or his beneficiaries, may then bring an action against the third person, in their behalf, without being obligated to reimburse the State Insurance Fund for the expenses incurred by the Fund. The implication is that the failure of the Manager to bring an action within the ninety-day period following his final decision, entails a waiver by the Manager of his right of subrogation.

It is evident that the purpose of the legislator in amending § 31 by Act No. 16 of April 12, 1948, was to establish a proceeding for those cases involving compensable labor accidents which may be caused by third persons, whereby no judicial claim may be brought until the Manager has entered

a final decision, and affording the Manager the first opportunity to resort to the courts within the previously described ninety-day period. It is in that judicial proceeding brought by the Manager that he can assert his right of subrogation, a right which is limited to the expenses already incurred by the Manager by virtue of his previous decision. The record does not disclose that the Manager instituted judicial action against the third person who allegedly caused the accident within the ninety days following the Manager's final decision. He has not followed the proceeding authorized by law to assert his right of subrogation, and he has therefore waived such right. His failure to do so was possibly due to the fact that he followed the erroneous procedure of seeking to exercise unilaterally the right to deduct from the compensation allowed to appellant the sum which she had improperly received previously, without such deduction or readjustment having been authorized by a court and without giving appellant an opportuniy to be heard before that court.

▆ The Manager alleges that, since the appellant received the sum of $800 by virtue of an invalid compromise, such action is tantamount to an unjust enrichment of appellant and that she should not retain that sum. Accepting, for the sake of argument, that there was an unjust enrichment, such a question could be cleared up by making the corresponding adjustments in the judicial action which the Manager could have instituted, or in the judicial action that the beneficiaries of the deceased laborer could bring within one year following the Manager's final decision. But this question can not be decided by the Manager alone, as was attempted in the present case, without filing a claim before the courts, with appellant's intervention.

The Manager cites the case of *Del Río* v. *García*, 71 P.R.R. 86. That case is governed exclusively by the provisions of § 31 as it stood before its amendment by Act No. 16 of April 12, 1948. In the opinion in *Del Río* v. *García*, it is stated that that case does not involve the construction of § 31, as

amended by Act No. 16. Therefore, the case of *Del Río* v. *García* is inapplicable to the case at bar, which is encompassed by Act No. 16.

The decision entered by the Industrial Commission on October 23, 1953 will be reversed.